1  SHARON A. URIAS (SBN 180642)
2  sharon.urias@gmlaw.com
   **GREENSPOON MARDER LLP**
3  1875 Century Park East, Suite 1850
4  Los Angeles, California 90067
   Tel: (480) 306-5458
5  Fax: (480) 306-5459

6  JAMEY R. CAMPELLONE (*Pro Hac Vice Anticipated*)
   jamey.campellone@gmlaw.com
7  **GREENSPOON MARDER LLP**
8  200 East Broward Boulevard, Suite 1800
   Fort Lauderdale, Florida 33301
9  Tel: (954) 527-6296
   Fax: (954) 333-4027
10
11 *Attorneys for Adroit Health Group, LLC*
   *d/b/a Strata Health Group*

12             **UNITED STATES DISTRICT COURT**
13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14
   PAUL SAPAN, individually and on          )  Case No.: 8:23-cv-00120-DOC-ADS
15 behalf of all others similarly situated,  )
                                             )
16             Plaintiff,                    )  **DEFENDANT ADROIT HEALTH**
                                             )  **GROUP, LLC'S ANSWER AND**
17       v.                                  )  **AFFIRMATIVE DEFENSES TO**
                                             )  **PLAINTIFF'S COMPLAINT**
18                                           )  **[D.E. 1]**
   ADROIT HEALTH GROUP, LLC                  )
19 d/b/a STRATA HEALTH GROUP,                )
                                             )
20                                           )
             Defendant.                      )
21                                           )
                                             )
22                                           )
                                             )
23 _____ )

24

25

26

27                              - 1 -
   53901204.1
28

Defendant, Adroit Health Group, LLC d/b/a Strata Health Group ("Adroit"), by and through the undersigned attorneys, hereby files and serves its Answer and Affirmative Defenses to the Complaint [D.E. 1] ("Complaint") filed by Plaintiff, Paul Sapan ("Plaintiff"), as follows:

## JURISDICTIONAL ALLEGATIONS

1.      Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint. Accordingly, Adroit denies such allegations.

2.      Adroit admits the allegations contained in paragraph 2 of the Complaint.

3.      Adroit admits that Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 and further admits the authority cited in paragraph 3 of the Complaint is the best evidence of its contents. Adroit denies any actionable conduct, denies violating the TCPA, denies that it engaged in any wrongdoing of any kind whatsoever, and denies that any damages are due to Plaintiff.

4.      Paragraph 4 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

## NATURE OF THE ACTION

5.      Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. Adroit denies the remaining allegations, including the two (2) class definitions, contained in

53901204.1

paragraph 5 of the Complaint.

6.     Paragraph 6 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

7.     Paragraph 7 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

8.     Paragraph 8 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

9.     Paragraph 9 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

10.    Paragraph 10 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

11.    Adroit denies the allegations contained in paragraph 11 of the Complaint.

12.    Adroit denies the allegations contained in paragraph 12 of the

- 3 -

Complaint.

13.    Adroit denies the allegations contained in paragraph 13 of the Complaint.

## FACTUAL DETAILS RE NAMED PLAINTIFF

14.    Paragraph 14 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

15.    Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint. Accordingly, Adroit denies such allegations.

16.    Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint. Accordingly, Adroit denies such allegations.

17.    Paragraph 17 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

18.    Paragraph 18 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

19.    Paragraph 19 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or

53901204.1

denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

20.    Paragraph 20 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

21.    Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint. Accordingly, Adroit denies such allegations.

22.    Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint. Accordingly, Adroit denies such allegations.

23.    Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint. Accordingly, Adroit denies such allegations.

24.    Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint. Accordingly, Adroit denies such allegations.

25.    Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint. Accordingly, Adroit denies such allegations.

26.    Paragraph 26 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions,

53901204.1

statements, and characterizations.

27.     Paragraph 27 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

28.     Paragraph 28 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

29.     Paragraph 29 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

30.     Paragraph 30 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

31.     Paragraph 31 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

32.     Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint. Accordingly, Adroit denies such allegations.

53901204.1

33.     Paragraph 33 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

34.     Paragraph 34 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

35.     Paragraph 35 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

36.     Paragraph 36 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

37.     Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint. Accordingly, Adroit denies such allegations.

## LIABILITY OF ADROIT HEALTH

38.     Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint. Accordingly, Adroit denies such allegations.

39.     Paragraph 39 of the Complaint consists of legal conclusions,

53901204.1

statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

40.    Paragraph 40 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

41.    Paragraph 41 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

42.    Paragraph 42 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

43.    Paragraph 43 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

44.    Paragraph 44 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

45.    Paragraph 45 of the Complaint consists of legal conclusions,

53901204.1

statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

## FINAL LIABILITY ALLEGATIONS

46.     Paragraph 46 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

47.     Paragraph 47 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

48.     Paragraph 48 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

49.     Paragraph 49 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

50.     Paragraph 50 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

53901204.1

51.     Paragraph 51 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

52.     Paragraph 52 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

53.     Paragraph 53 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

### ACTUAL HARM & WILFUL AND KNOWING CONDUCT

54.     Paragraph 54 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

55.     Paragraph 55 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in paragraph 57 of the

53901204.1

  
Complaint.

58.     Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint. Accordingly, Adroit denies such allegations.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

61.     Paragraph 61 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

## CLASS ACTION ALLEGATIONS

62.     Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. Adroit denies the remaining allegations, including the two (2) class definitions, contained in paragraph 62 of the Complaint.

63.     Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. The remainder of paragraph 63 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and

53901204.1

characterizations.

64.     Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. The remainder of paragraph 64 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

65.     Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. The remainder of paragraph 65 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

66.     Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. The remainder of paragraph 66 of the Complaint, including subparagraphs (a) through (d), consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

67.     Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. The remainder of paragraph 67 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and

53901204.1

characterizations.

68.    Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. The remainder of paragraph 68 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

69.    Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. The remainder of paragraph 69 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

70.    Adroit admits Plaintiff seeks to represent two (2) putative classes but denies this action may be properly maintained as a class action. The remainder of paragraph 70 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: TCPA VIOLATION
### CALL TO NUMBER ON THE NATIONAL "DO-NOT-CALL" REGISTRY
### (On Behalf of the Plaintiff Class)

71.    As to the allegations contained in paragraph 71 of the Complaint, Adroit realleges its responses to paragraphs 1 through 70 above as if more fully set

53901204.1

forth herein.

72.    Adroit admits that Plaintiff's Complaint is based on the TCPA. Adroit denies any actionable conduct, denies violating the TCPA, denies that it engaged in any wrongdoing of any kind whatsoever, and denies that any damages are due to Plaintiff.

73.    Paragraph 73 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

74.    Adroit is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint. Accordingly, Adroit denies such allegations.

75.    Paragraph 75 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

76.    Paragraph 76 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

**SECOND CAUSE OF ACTION: TCPA VIOLATION PRERECORDED TELESOLICITATION TO A RESIDENTIAL NUMBER**
**(On Behalf of the Plaintiff Class)**

77.    As to the allegations contained in paragraph 77 of the Complaint, Adroit realleges its responses to paragraphs 1 through 70 above as if more fully set

53901204.1

forth herein.

78.    Adroit admits that Plaintiff's Complaint is based on the TCPA. Adroit denies any actionable conduct, denies violating the TCPA, denies that it engaged in any wrongdoing of any kind whatsoever, and denies that any damages are due to Plaintiff.

79.    Paragraph 79 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

80.    Paragraph 80 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

81.    Paragraph 81 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Adroit denies such conclusions, statements, and characterizations.

In response to the relief sought in the "**WHEREFORE** clause" following paragraph 81 of the Complaint, including subparagraphs (1) through (7), Adroit denies Plaintiff is entitled to any relief whatsoever and requests judgment be entered against Plaintiff and awarding Adroit its attorneys' fees and costs for the defense of this Action to the greatest extent permitted by applicable law, together with such other and further relief this Court deems just and proper.

53901204.1

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to Adroit, Adroit hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, and subheadings. Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## JURY DEMAND

Adroit hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Adroit pleads the following affirmative defenses to the Complaint filed by Plaintiff against Adroit. Adroit reserves the right to amend or add to its affirmative defenses upon discovery of additional information or evidence or as justice so requires.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because to the extent the telephone calls occurred, such telephone calls were invited, permitted, consented to, and/or made pursuant to a personal or an established business relationship.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff cannot state a claim against Defendant upon which relief can be granted. Defendant did not (and does not) make telephone calls using prerecorded voice messages; particularly without the prior express written consent of the called party

53901204.1

as Plaintiff seeks to allege in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative classes, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class members are not the respective owners, subscribers, registrants, or authorized users of the telephones that allegedly received the telephone calls at issue, and, therefore, lack standing.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of unclean hands. Plaintiff seeks out, invites, and welcomes telephone calls, including, *arguendo*, the subject telephone calls, in an effort to manufacture and pursue litigation on a class basis, not to seek compensation for damages allegedly suffered, as contemplated by statute, but rather to seek to enrich herself by seeking disproportionate payments from, here, Defendant.

53901204.1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff fails to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because she cannot allege, any facts to suggest there are any other members of the proposed classes. Instead, Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed classes, or that Plaintiff will fairly and adequately protect the interests of the proposed classes. Rather, Plaintiff's Complaint merely parrots the requisite language without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements for this case to proceed as a class action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the alleged damages to Plaintiff and/or the putative classes Plaintiff seeks to represent were caused in whole or in part by the acts or omissions of third parties over which Defendant had and has no control of/over, and/or by the acts or omissions of Plaintiff and/or the putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to

53901204.1

represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are *de minimis* and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiff seeks to represent.

### NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because any alleged wrongdoing by Defendant, which Defendant denies, was caused by mistake. Indeed, Defendant acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative classes failed to mitigate their damages. Accordingly, recovery (if any) should be reduced in proportion to Plaintiff's failure to mitigate

53901204.1

such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief and/or the claims for injunctive relief of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because there is neither continuing harm nor any real and immediate danger of injury in the future to Plaintiff or the putative classes Plaintiff seeks to represent.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs and/or the putative class members were not the intended recipient(s) of the subject telephone calls.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the statutory damages provisions of the TCPA are excessive fines and/or are grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate (1) the safeguards set forth in and/or assured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and (2) the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the

53901204.1

subject telephone calls constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such telephone calls violates the First Amendment rights of the sender.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative classes Plaintiff seeks to represent lack standing to bring this action because neither Plaintiff nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution. *See Muccio v. Glob. Motivation, Inc.*, 22-81004-CIV, 2022 WL 17969922 (S.D. Fla. Dec. 27, 2022).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff's alleged telephone number (310-444-1999) is believed to be a business phone number registered to "Beta Food Consulting, Inc." and not a residential telephone number that Plaintiff uses for personal calls.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the non-Texas putative class members Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited for lack of jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017).

53901204.1

## RESERVATION OF RIGHTS

Adroit reserves the right to amend or add to its affirmative defenses upon discovery of additional information or evidence or as justice so requires.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in the Complaint [D.E. 1] filed by Plaintiff, Paul Sapan, Defendant, Adroit Health Group, LLC d/b/a Strata Health Group, respectfully requests this Court enter judgment as follows: (1) that Plaintiff takes nothing by virtue of the Complaint and that this action be dismissed in its entirety; (2) that judgment be rendered in favor of Adroit; (3) that attorneys' fees and costs incurred in this action be awarded to Adroit to the greatest extent permitted by applicable law; and (4) that Adroit be awarded such further and other relief as this Court deems just and proper.

Dated: March **27**, 2023.

Respectfully Submitted,

By: */s/ Sharon A. Urias*

SHARON A. URIAS (SBN 180642)
sharon.urias@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: (480) 306-5458
Fax: (480) 306-5459

By: */s/ Jamey R. Campellone*

JAMEY R. CAMPELLONE
(*Pro Hac Vice Anticipated*)
jamey.campellone@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301

- 22 -

Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for Adroit Health Group, LLC*
*d/b/a Strata Health Group*

53901204.1